JUSTICE BOWMAN, dissenting: I respectfully dissent because I believe that this case is moot and that it does not fall under the capable-of-repetition exception to the mootness doctrine. As the majority points out, the exception applies where “(1) the challenged action is in its duration too short to be fully litigated prior to its cessation and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again.” (Emphasis added.) Barbara H., 183 Ill. 2d at 491. While I agree with the majority that this case satisfies the first criterion, I do not agree that it satisfies the second criterion. The majority reasons that “it is reasonably likely that [respondent] will be subjected to similar involuntary treatment orders in the future.” 386 Ill. App. 3d at 987. However, while respondent may be subjected to some type of involuntary treatment order in the future, I do not think that there is a reasonable probability that the same type of errors in the form of the order will occur again. The instant case, which essentially involves whether a particular order was properly drafted, stands in stark contrast to Barbara H., where the issue involved the respondent’s statutory right to her choice of counsel — a significant issue that was veiy likely to recur in future proceedings. Similar to Alfred H.H., I believe that mental health cases are not universally exempt from the mootness doctrine, but rather the mootness issue must be reviewed on a case-by-case basis. See Alfred H.H., 379 Ill. App. 3d at 1028. While I believe that it is critical to protect the rights of people who are subject to the involuntary administration of psychotropic medication, the majority’s analysis opens the door to the capable-of-repetition exception to the mootness doctrine far too wide, with little to no practical benefit to respondents yet at a definite cost to judicial resources.